KAPLAN ET AL. v. TILLES, INC.

[No. 19,321.  Filed January 9, 1961.]

*Milton I. Kaplan,* of Hammond, for appellants.

*Charles Levin,* of Hammond and *George Douglas,* of Valparaiso, for appellee.

COOPER, J.—This is an appeal from the Porter Superior Court wherein the appellee filed a civil action in the Lake Superior Court to recover for goods, wares and merchandise sold to the appellants in the sum of $4,643.25.

The issues were closed by the appellants filing an answer in general denial, a set off and two counterclaims. Thereafter, the cause was venued to Porter County where the cause was submitted to a jury which found for the appellee on its complaint and against the appellants herein in the amount of $2,777.30. Judgment was rendered accordingly on the verdict of the jury. Thereafter, the appellants herein filed their motion for a new trial on the following four specifications:

"1. Error in the assessment of the amount of recovery, in this, that the amount is too large.

"2. The verdict of the jury is not sustained by sufficient evidence.

"3. The verdict of the jury is contrary to law.

"4. Error of law occurring at the trial."

It is apparent that the appellant herein has grouped the first three specifications together and supported them by one argument. It is also apparent that these three causes raise substantially the same questions, mainly questions involving the evidence.

A review of the record before us reveals that the entire tranactions were based upon a written agreement between the appellee and the appellants herein dated July 26, 1956, said agreement reading as follows:

"TILLES INC.

Fine Furniture        Interior Design

"July 6, 1956

Mr. and Mrs. Eugene A. Kaplan

2145 Lincoln Ave.

Highland, Indiana

Dear Mr. and Mrs. Kaplan:

"We hereby submit a proposal to render services to you in furnishing and decorating your new home at Crestwood Ave. in Munster, under the following terms and conditions:

"We will assist in selecting and coordinating the purchase of all furniture, lamps, accessories and decorations to be installed in your home.

"We are to assist in selecting colors and patterns for the decoration of your home.

"We are to render such other services as may be necessary in planning and executing the interior decorations and furnishings for said premises.

"We take no responsibilities for delivery, quality, installation or payment for the goods so purchased, and our services and responsibility will be deemed to have been completed when you have made your final selection and such goods are delivered to you with our instructions for arrangement and installation.

"We are to receive for the services hereinabove mentioned a sum equal to twenty per cent (20%) of the total wholesale amount expended for such furnishings, furniture, lamps and accessories selected and purchased by you with and through our direct assistance from showrooms on the sixth floor of the Merchandise Mart.

"For any furniture, furnishings, lamps and accessories purchased * from our store—except custom-made draperies—you shall be entitled to a 15% discount off retail price. *Purchased directly from our store.

"A deposit of one third will accompany each purchase with the balance due upon notification by the manufacturer that your goods are ready for shipping.

"Our fee of 20% is payable within ten (10) days after merchandise selected with our assistance is delivered to your home.

"If requested you are to furnish us with copies of all invoices, inasmuch as our fee will be predicated upon such charges.

Sincerely yours,
Tilles Inc.
By: (S) S. D. Tilles
S. D. Tilles, President

"Accepted: (S) Eugene A. Kaplan
Date: July 28, 1956"

It is apparent from the foregoing contract that the parties contemplated three categories of merchandise to be sold or purchased as follows:

"(A) Merchandise purchased from the sixth floor of the Merchandise Mart," (For which the appellee herein was to receive from the appellants herein a sum equal to twenty per cent (20%) of the wholesale price expended for such furniture, lamps and accessories purchased at the Merchandise Mart.)

"(B) Merchandise purchased from the store of Appellee, and

"(C) Custom-made draperies."

(B and C provide that the appellants shall be entitled to a fifteen per cent (15%) discount off of the retail price of any furnishings, lamps, accessories purchased from the store, except custom-made draperies.)

The appellants in their brief admit that the billing of the merchandise as provided for in the aforesaid category A was correct.

The dispute in the matter before us centers mainly on the merchandise in the aforesaid categories B and C.

The agreement affirmatively reveals that the appellants were entitled to a fifteen per cent (15%) dis-

count off the retail price, except as to custom-made draperies. It is the appellants' contention that categories B and C are vague and ambiguous. With this contention, we cannot agree.

Our Supreme Court has said in the case of *Jenkins* v. *King* (1946), 224 Ind. 164, 170, 65 N. E. 2d 121, that:

"It is fundamental that one who executes a contract of a certain character is bound by its terms, even though he meant something different and thought the words conveyed his meaning. A court must give effect to the meaning and intention of the parties as expressed in the language of their contract, in the absence of anything to show legal impediment to prevent their entering into any contract they see fit or their expressing it in the language of their own choice. Where there is no right to the reformation of a written contract, the rights of the parties must be determined according to the writing.

"In the absence of an ambiguity it is not within the function of the judiciary to look outside of the instrument to get at the intention of the parties. Their sole duty is to find out what was meant by the language of the instrument. In other words, the object to be attained in interpreting a contract is to ascertain the meaning and intent of the parties as expressed in the language used. 12 Am. Jur. Contracts §20, p. 517 and §§226 and 227, p. 745 et seq.; *Western & Southern Life Ins. Co.* v. *Vale* (1937), 213 Ind. 601, 611, 12 N. E. (2d) 350; *Walb Construction Co.* v. *Chipman* (1931), 202 Ind. 434, 441, 175 N. E. 132. See also, *Evans* v. *Consumers' Gas Trust Company* (1891) (Ind.) 29 N. E. 398; 31 L. R. A. 673; *The Continental Insurance Company* v. *Vanlee* (1890), 126 Ind. 410, 416; 26 N. E. 119; 10 L. R. A. 843."

We do not believe it necessary to set forth the evidence most favorable to the appellee in this appeal, but believe it sufficient to state that in reviewing the evi-

dence in the record before us, we find there is substantial evidence of probative value to sustain the verdict of the jury.

Under the appellants' fourth assignment being error of law occurring at the trial, the appellants question the ruling of the court on the admission of certain evidence. A review of the record reveals that at the trial the appellants introduced evidence by one of their witnesses that a reasonable mark-up on retail furniture was between 20 and 30 per cent over cost. The witness also testified that retailers of furniture "strive" for a one hundred percent mark-up and that it was the general practice for wholesalers of furniture and furnishings to furnish a catalogue of their prices, and that the suggested retail price is one hundred percent of the wholesale price.

The record reveals that on rebuttal the appellee attempted to introduce his exhibit numbers four and five. They were objected to by the appellants upon the grounds that they were merely hearsay.

The trial court permitted only the reading of that portion of the exhibits which pertained to the "mark-up" from wholesale to retail price. It appears from the record before us that the question of the propriety of the mark-up was injected into the trial by the appellants herein.

Whether the foregoing evidence was strictly within the issues is of little consequence, since it was brought into the case by the appellants, they cannot now be heard to complain that the appellee was permitted to meet the evidence thus presented. *Bowen* v. *W. O. Eaton & Co.* (1909) (T. D. 1910), 46 Ind. App. 65, 76, 89 N. E. 961.

Furthermore, the appellants in their brief before us have not discussed or cited authorities in support of

their argument that the court erred in admitting the portion of the exhibits the trial court did admit as required by Rule 2-17 of the Supreme Court. On appeal, all reasonable presumptions are indulged in favor of the rulings and the judgment below. The record must disclose the error for which the reversal is sought and nothing will be presumed in favor of the appellants to sustain the alleged error. See §2790, Flanagan, Wiltrout & Hamilton's *Indiana Trial and Appellate Practice,* and authorities cited.

The appellants in their final argument state that the court erred in refusing to give to the jury instructions tendered by the appellants which were as follows:

### *Appellants' Instruction 1(a)*

"You are instructed that concerning the ascertainment and definition of the price of goods sold, Burns Indiana Statutes-Annotated, Sec. 58-109 reads as follows:

"(4) Where the price is not determined in accordance with the foregoing provisions the buyer must pay a reasonable price. What is a reasonable price is a question of fact dependent on the circumstances of each particular case."

### *Appellants' Instruction 1(b)*

"Therefore, since the contract does not fix the price for the goods sold in this case except in regard to merchandise mart goods, in accordance with any of the provisions enumerated in the first three sub-sections of the foregoing Section 58-109, Burns Indiana Statutes, you may determine in your deliberations whether or not the amount actually billed to the defendants for goods other than merchandise mart, was a reasonable price in light of the preponderance of the evidence in this case."

It is a general rule of law that the purpose of instructing jurors is to advise them of the particular

questions they are to determine, and to inform them as to the law and how to apply it to the facts as they find the facts to be from the evidence. *Neese* v. *Boatright* (1954), 124 Ind. App. 680, 118 N. E. 2d 510; and, further, the instructions in each case are considered as a whole and if the instructions considered as a whole fully and fairly instruct the jury, error in any particular instruction will not justify a reversal unless it is such as to vitiate the whole charge to the jury. The charge is vitiated only when the instruction is so erroneous that it must be concluded that the jurors have been misled as to the law of the case. *Stull* v. *Davidson et al.* (1955), 125 Ind. App. 565, 127 N. E. 2d 130; *Burks* v. *Walters* (1957), 127 Ind. App. 358, 141 N. E. 2d 872; *Thanos* v. *Fox* (1958), 128 Ind. App. 416, 149 N. E. 2d 315; §1510, sub-sections (6) and (14), Flanagan, Wiltrout and Hamilton's *Indiana Trial and Appellate Practice*.

In reviewing the record before us, we are of the opinion that the trial court did not err in refusing to give the foregoing instructions as the record reflects that each of the instructions refused was fully covered or covered in substance by the other instructions given by the court. It is not error to refuse to give an instruction when its subject matter is fully covered or covered in substance by other instructions given. *Tompkins* v. *Smith* (1952), 122 Ind. App. 502, 106 N. E. 2d 487; *King's Indiana Billiard Co.* v. *Winters* (1952), 123 Ind. App. 110, 106 N. E. 2d 713; *Northern Indiana Public Service Co.* v. *Nielsen* (1952), 123 Ind. App. 199, 109 N. E. 2d 442; *Armstrong Cork Co.* v. *Maar* (1953), 124 Ind. App. 105, 111 N. E. 2d 82; *Stokes alias Coleman* v. *State* (1954), 233 Ind. 300, 119 N. E. 2d 424; *Hinds, Executor etc.,* v. *McNair* (1955), 235 Ind. 34, 129 N. E. 2d 553; *Kindler, etc.* v. *Edwards* (1955),

126 Ind. App. 261, 130 N. E. 2d 491; *New York Central R. R. Co.* v. *Sholl et al.,* 128 Ind. App. 134, 146 N. E. 2d 565; *Bange* v. *State* (1958), 237 Ind. 422, 146 N. E. 2d 811; *Lenovich* v. *State* (1958), 238 Ind. 359, 150 N. E. 2d 884.

Of course, the trial court is not required to state all the law in the case in each instruction given.

"All the instructions given . . . are to be construed with reference to each other, and the entire charge is to be taken as a whole and not in detached parts. If it is consistent with itself, and taken together states the law correctly, it is not subject to objection even if the whole of the law upon a particular head is not fully stated in one or more of the separate parts of such charge."

See *Indianapolis Traction, etc. Co.* v. *Howard* (1920), 190 Ind. 97, 101, 104, 128 N. E. 35, and cases cited; *Carter* v. *Aetna Life Ins. Co.* (1940), 217 Ind. 282, 288, 27 N. E. 2d 75; *Nat. Mutual Ins. Co.* v. *Bales* (1923), 81 Ind. App. 302, 308, 139 N. E. 703, 141 N. E. 481; *Standard Auto Ins. Assn.* v. *Reese* (1925), 83 Ind. App. 500, 504, 149 N. E. 137; *McClure* v. *Miller* (1951), 229 Ind. 422, 98 N. E. 2d 498.

In conclusion, we note that the appellants complain of the court giving appellee's tendered instructions numbers one and two. In reviewing the record before us, it develops that the objections the appellants argue in their brief are not found in the appellants' objections made in the trial court. We, of course, are confined to such part of the objections made in the trial court as argued in the appellants' brief. No error with respect to the giving of instructions is available on appeal, except upon the specific objections made prior to their giving. See *N. Y., Chi. & St. L. R.R. Co.* v. *Laudenslager* (1957), 127 Ind. App. 301, 310, 141

N. E. 2d 355; Flanagan, Wiltrout & Hamilton's *Indiana Trial and Appellate Practice,* and authorities cited.

We have made a very thorough, painstaking and careful search and examination of the entire record before us on this appeal, including the evidence, and are convinced that this cause was fully and fairly tried on the merits, and that a right and just conclusion was arrived at by the jury in its verdict herein which was approved by the trial court. Judgment is therefore affirmed.

Ax., C. J., Myers and Ryan, JJ., concur.

NOTE.—Reported in 171 N. E. 2d 268.