WOLLUM, ADMINISTRATRIX, ETC. v. SIMPSON ET AL.

[No. 19,644. Filed September 23, 1963. Rehearing denied November 6, 1963.]

*Homer Ingram,* of Newport and *Mann, Mann, Chaney & Johnson,* of Terre Haute, for appellant.

*Dix, Dix, Patrick & Ratcliffe,* of Terre Haute, for appellees.

Clements, J.—This is an action by appellant, Lillie

Wollum, the widow of Chester B. Wollum, seeking damages for the wrongful death of her husband. Judgment was rendered in the Vermillion Circuit Court on a verdict denying the widow the damages sued for.

The deceased lived near U. S. Highway 150, which he was attempting to cross on foot from east to west at a point where there was no crosswalk, and the deceased walked into or was struck by a truck proceeding south on U. S. Highway 150 being driven by defendant-appellee, Morris D. Ryan, employed at the time by the defendant-appellee, Carlin Simpson. The death of Chester B. Wollum resulted from the collision.

The appellant, by her witnesses, showed to the jury that the deceased had cataracts removed from both of his eyes, and that after such operation glasses made straight vision good but reduced considerably the ability of the person to see to his side.

Appellant filed a motion for a new trial which was overruled, and this is the sole assignment of error on appeal to this court.

The motion for new trial contains twelve causes for new trial of which only Cause No. 2 is argued by appellant in her brief. All other causes for new trial contained in appellant's motion for new trial are waived. Rule 2-17(f) of the Supreme Court of Indiana.

Cause No. 2 of appellant's motion for new trial asserts that the court committed error in the giving of defendants-appellees' Instruction No. 16, which reads as follows:

"You are instructed, ladies and gentlemen of the jury, that the defendant, Morris Ryan, as he operated his motor vehicle on United States High-

way Number 150 at the time and place in question had the right to assume that Chester Wollum would use and exercise reasonable and ordinary care for his own safety unless he had knowledge to the contrary. You are further instructed that the defendant, Morris Ryan, had a right to assume at the time and place in question that Chester Wollum would obey the laws, statutes of the State of Indiana governing the movements of pedestrians in using and crossing highways and thoroughfares."

Appellant's specific written objection to the above instruction as submitted to the trial court, was stated in the following language:

"Plaintiff objects to the giving of defendants' tendered instruction #16 for the reason that under the undisputed facts of the case, the defendant Ryan observed the plaintiff start from the curb and walk toward the path of his truck and continued to observe him walk until he was struck by defendants' vehicle which neither slowed nor gave warning.

"1. This instruction allows the defendants to assume that the plaintiff would yield the right of way, although the evidence showed knowledge and notice to the contrary.

"2. The instruction is in conflict with plaintiff's tendered instructions #16 and #20 which places on the defendants the affirmative duty to sound the horn when necessary, and is in conflict with the plaintiff's tendered instruction #20 which places upon the driver of the vehicle the affirmative duty of sounding the horn, and is in conflict with the plaintiff's tendered instruction #7 which places upon the driver the duty to reduce his speed when special hazards exist with respect to pedestrians. The Statute set out in each of these instructions specifically remove the right of the driver to assume that he will not injure the pedestrian, or that the pedestrian will himself avoid injury and places upon him the duty for immediate action."

In her brief, appellant asserts the additional argu-

ment that defendants-appellees' Instruction No. 16 is incomplete in that it omits the element of knowledge on the part of the defendant-Ryan that the decedent was not obeying the laws or statutes of Indiana governing the movement of pedestrians in using and crossing highways and thoroughfares. This specific objection was not made to the trial court as required by Rule 1-7 of the Supreme Court of Indiana and, therefore, cannot be considered by this court on appeal. *McCague* v. *N. Y. C. & St. L. R. Co.* (1947), 225 Ind. 83, 87-88, 71 N. E. 2d 569; *Allman* v. *Malsbury* (1946), 224 Ind. 177, 201, 65 N. E. 2d 106; *Kaplan et al.* v. *Tilles, Inc.* (1961), 131 Ind. App. 390, 399, 171 N. E. 2d 268; *City of Logansport* v. *Gammill* (1957), 128 Ind. App. 53, 63-65, 145 N. E. 2d 908; *Love* v. *Harris et al.* (1957), 127 Ind. App. 505, 515, 143 N. E. 2d 450.

One of the theories upon which appellant proceeded was that although the decedent may have been negligent by his failure to exercise due care or in his failure to obey the law governing the movement of pedestrians upon and across highways and thoroughfares, (Acts 1939, ch. 48, §84, p. 289, being §47-2033, Burns' 1952 Replacement), the defendant, Morris D. Ryan, had the last clear chance to avoid hitting and killing him. Appellant's objection was that it is an undisputed fact that the defendant-Ryan observed the decedent start from the curb and walk toward the path of his truck and that the defendant-Ryan continued to observe the decedent walk until he was struck by the defendants' vehicle. This is not supported by the record before us. Contained in the conditional examination of Morris D. Ryan, admitted into evidence as Plaintiff's Exhibit No. 7, is the following:

"Q. Did you watch him all of the time from the time he stepped down from the curb until contact was made?

"A. No.

"Q. What were you watching in the interval?

"A. Pickup truck and the car or truck, whatever it was, ahead of me."

Appellant's Instruction No. 12, given by the court, informed the jury that Chester B. Wollum had a right to assume that the driver of an approaching motor vehicle would obey the motor vehicle laws of this State in the absence of notice or knowledge to the contrary.

Appellant's Instruction No. 16, given by the court, informed the jury of an Indiana statute which imposed a duty upon every driver of a vehicle to exercise due care to avoid colliding with any pedestrian upon a roadway, to give warning when necessary, by sounding a horn, and to exercise proper precaution upon observing any child or any confused or incapacitated person upon a highway. Acts 1939, ch. 48, §85, p. 289, being §47-2034, Burns' 1952 Replacement.

Appellant's Instruction No. 20, given by the court, set forth a statute of this State requiring that every motor vehicle when operated upon a highway shall be equipped with a horn in good working order, and that the driver sound the horn whenever reasonably necessary to insure safe operation. Acts 1939, ch. 48, §147, p. 289, being §47-2229, Burns' 1952 Replacement.

Appellant's Instructions Nos. 22 and 24, given by the court, placed an affirmative duty upon the defendants-appellees to sound a horn if they knew, or in the exercise of ordinary care should have known, of the peril to which the decedent was exposed.

Appellant's Instruction No. 7, given by the court, imposed a duty upon the defendant-Ryan to gauge the speed of his vehicle in light of the actual and potential hazards then existing and in every event to restrict his speed so as to avoid colliding with any person on or near the highway.

Appellant's Instructions Nos. 3 and 8, and appellees' Instruction No. 45, all given by the court, informed the jury of the doctrine of last clear chance, and its applicability to the instant case. The duty of appellee-Ryan to sound a horn and apply brakes so as to avoid injury was fully covered in the instructions.

Taking appellees' Instruction No. 16, together with appellant's Instructions Nos. 12, 16, 20, 22, 24, 3, 7 and 8, and appellees' Instruction No. 45, we cannot agree that under the last part of appellees' Instruction No. 16 the jury could have been led to believe that the appellee-Ryan, with knowledge to the contrary, could continue to assume that the decedent would obey the law governing the movement of pedestrians upon and across highways and thoroughfares. These instructions do not conflict. Together they merely inform the jury of permissible assumptions and at what point these assumptions are replaced by positive duties to act so as to avoid injury.

In the case of *Stull* v. *Davidson et al.* (1955), 125 Ind. App. 565, at page 579, 127 N. E. 2d 130, this court said:

"We must read these instructions in question as a part of the entire charge to the jury. If, considering the instructions as a whole, they fully and fairly instruct the jury as to every material fact in controversy they will be considered as sufficient. Error in any particular instruction will not justify a reversal unless it be of such a nature as to vitiate the whole charge to

the jury and such charge is vitiated only when the instruction is so erroneous that it must be concluded that the jurors have been misled as to the law of the case." See also: *Kaplan et al.* v. *Tilles, Inc., supra* (1961), 131 Ind. App. 390, 397-398, 171 N. E. 2d 268; *Drolet, Admtrx. etc.* v. *Pennsylvania R. Co.* (1960), 130 Ind. App. 549, 554-556 (points, 3, 7, 8 and 9), 164 N. E. 2d 555 (Transfer denied); *Vance* v. *Wells* (1959), 129 Ind. App. 659, 663, 159 N. E. 2d 586.

From a consideration of all of the instructions given in this cause, it appears that the jury was fully and fairly instructed on the law applicable to the facts in issue.

Finding no reversible error, the judgment of the trial court is affirmed.

Carson, P. J., Cooper and Ryan, JJ., concur.

NOTE.—Reported in 192 N. E. 2d 482.