DURBIN *v.* STATE OF INDIANA.

[No. 31,127. Filed May 14, 1968.]

*Chester E. Bowman,* of Fort Wayne, for appellant.

*John J. Dillon*, Attorney General, and *Duejean C. Garrett*, Deputy Attorney General, of Indianapolis, for appellee.

PER CURIAM.—The appellant herein is appealing from a conviction, after a trial by jury, in the Circuit Court of Allen County of theft of stolen property over the value of $100.00 under Burns' Ind. Stat. Anno., § 10-3030, 1956 Repl. (1967 Cum. Supp.). He received a sentence to the Indiana State Prison for not less than one nor more than ten years.

The error assigned and relied upon by the appellant is the overruling of his motion for a new trial. Appellant raised questions as to the irregularity in the proceeding of the trial, errors of law occurring in the trial, the decision of the court being contrary to law, insufficient evidence and lastly, irregularity on the part of the members of the jury.

It is to be noted that the state called as its witness Phillip Richard Grostefon who pleaded the Fifth Amendment of the United States Constitution and refused to testify.

It is likewise to be noted that none of the instructions given by the judge covered defendant's requested Instruction No. 28 hereinafter set forth. Under Indiana Supreme Court Rule 2-17, subdivision (f) the burden is placed on the state in this matter on showing whether the alleged error in failing to give an instruction had been covered by the court. This the state did not do.

Appellant has urged that there is an error of law predicated upon the court's refusal to give the jury appellant's tendered instructions numbered 5, 6, 19, 22, 25, 26 and 28.

Defendant's Instruction No. 28 reads as follows:

"The State introduced a witness which they claim to be their witness, one Phillip Richard Grostefon who pleaded the Fifth Amendment and who refused to testify as to having stolen the property left him. You are instructed that the mere fact that said witness Phillip Richard Grostefon pleaded the Fifth Amendment, said fact should not infer that had he testified he would have testified for the State of Indiana and against the defendant in any of the allega-

tions contained in the affidavit charging the defendant with theft of stolen property."

It has been held that a party requesting an instruction need not make an objection when it is refused; *Kaplan et al. v. Tilles, Inc.* (1961), 131 Ind. App. 390, 171 N. E. 2d 268. Furthermore, Rule 1-7 of the Supreme Court states that all instructions given or refused are a part of the record without a bill of exceptions. Further, Burns' Ind. Stat. Anno., § 2-3223 provides that when an appeal is prosecuted on the question of the correctness of instructions given or refused or the modifications thereof, it shall not be necessary to set out in the record all the evidence given in the cause, but it shall be sufficient in the bill of exceptions to set out the instructions or modifications excepted to, with a recital of fact that the same were applicable to the evidence in the cause.

The failure of the court to give defendant's tendered Instruction No. 28 set forth hereinabove was manifest and fatal error. For this reason there is no necessity of discussing the other errors assigned and relied upon by the appellant.

The judgment of the trial court is reversed and the cause remanded with instructions to sustain appellant's motion for a new trial.

NOTE.—Reported in 236 N. E. 2d 605.