Swift *et al. v.* Ratliff.

---

No. 7475.

## Swift et al. *v.* Ratliff.

PLEADING.—*Complaint.* — *Promissory Note.*—*Payee's Indorsement.* — *Indorsers.*— *Consideration.*—Where a complaint against the makers and indorsers of a promissory note contains an averment that the indorsement of the latter was made "on said day and at the same time of the making and delivery of said note," it is manifest that, even if the payee's indorsement appear first, and he is bound as the first indorser, the names of the other indorsers were on the paper when received by the plaintiff, and that the instrument imported a consideration against them all, and no special averment of a consideration was necessary.

PRACTICE.—*Instructions not Signed by Judge.*—*Bill of Exceptions.*—*Order of Court.*—Where there is no bill of exceptions, nor order of the court, whereby instructions to the jury are made a part of the record, and they are not signed by the judge, they are not properly in the record.

SAME.—*Evidence.*—*Promissory Note.*—*Discharge of Surety by New Writing.* —*Burden of Proof.*— *Production of Writing.*—*Proof of Contents.*— One who sets up a defence, whereby he claims a release from one writing by reason of the execution of another, does not shift the burden of

proof on the subject until he shall have produced the new writing on; which he relies, or, having shown a good excuse for not producing it, shall have proved its contents.

SAME.—*Release of Surety.—Extension of Time.*—Where one seeks release from a promissory note for the reason that the plaintiff took a note payable in bank in payment of interest thereon, in advance, and thereby created an implied agreement to extend the time of its payment, the interest note is the best evidence of its own contents, and where, being present and sufficiently identified and its execution proved, it was not offered in evidence, the Supreme Court can not say that parol evidence of its terms was improperly excluded, or that a verdict against the defendant ought to have been different.

SAME.—*Judicial Discretion.—Recalling Witness.*—It is a matter of judicial discretion, whether a witness once discharged from the witness stand may be recalled by the party who first called him.

SAME.—*Repetition of Testimony.*—To exclude a mere repetition of testimony is not an available error.

From the Wayne Superior Court.

*W. D. Foulke, J. L. Rupe* and *L. D. Stubbs*, for appellants.

*W. A. Peelle* and *D. W. Comstock*, for appellee.

WOODS, J.—Complaint by the appellee against the makers and endorsers of a promissory note, charging, in substance, that on the 8th day of November, 1876, the defendant, The Robinson Machine Works, made its promissory note to Jonas W. Yeo, for the sum of $7,717.50; that after the execution of the note, to wit, on the day and year last aforesaid, the said Jonas W. Yeo, in writing, on the back of said note, endorsed the same to the plaintiff; and on the same day, and at the same time of the making and delivery of said note, the defendants, "Henry E. Robinson, Francis W. Robinson, Robert H. Shoemaker and Richard H. Swift, each using the initial letter of his christian name, in writing, on the back of said note, endorsed the same to said plaintiff." That said note is due and unpaid, etc.

A copy of the note and endorsement was filed with the complaint, of the tenor following, viz.:

Swift *et al. v.* Ratliff.

"$7,717.50.        RICHMOND, IND., Nov. 8th, 1876.

"Six months after date we promise to .pay to the order of Jonas W. Yeo, seven thousand seven hundred and seventeen $\frac{50}{100}$ dollars, at the First National Bank of Richmond, Ind. Value received, without any relief from valuation or appraisement laws, with interest at the rate of ten per cent. per annum from maturity, and five per cent. attorney's fees if suit be instituted on this note. The drawers and endorsers severally waive presentment for payment, protest and notice of protest, and non-payment of this note.

[Signed] .        "ROBINSON MACHINE WORKS,

"*By H. E. Robinson.*"

Endorsed: "Jonas W. Yeo, H. E. Robinson, F. W. Robinson, R. H. Shoemaker, R. H. Swift."

The defendants filed affirmative answers, to which the plaintiff replied in denial. Trial by jury, verdict and judgment for the plaintiff. The appeal is prosecuted in the names of said Swift, and his assignee in bankruptcy, Barzilla W. Clark. The other defendants have formally declined to join in the appeal.

It is assigned for error, that the complaint does not state facts sufficient to constitute a cause of action against Swift, ·and that the court erred in overruling his motion for a new trial.

The objection made to the complaint is, that it shows that the payee of the note, Yeo, first endorsed it to the plaintiff, and that thereafter Swift and the others endorsed it; wherefore it is claimed that the latter endorsement was without consideration, and ineffective in the hands of the appellee. We do not think this a right interpretation of the averments of the complaint. The allegation of the endorsement by Yeo comes first in order, but is to the effect simply, that it was made on the day the note bears date ; but, of the endorsement by the other parties, the averment is, that it was made "on said day, and at the same time of the making and de-

livery of said note." If, therefore, it be considered, as is claimed, that said Yeo was more than a nominal payee, and that he was bound as the first endorser, still it is manifest that the names of the other endorsers were on the paper when received by the plaintiff. That being so, the instrument imported a consideration against them all, and no special averment of consideration was necessary.

Among the causes assigned for a new trial are alleged errors in the instructions of the court to the jury. There is no bill of exceptions, nor order of the court, whereby the instructions are made a part of the record. There is, in the transcript, a series of instructions, which, according to the recital of the clerk, were given by the court, and, perhaps, in writing, though it is not so stated. They are not signed by the judge, and consequently are not properly in the record. *Zehner* v. *Aultman, ante,* p. 24; *McDaniel* v. *Mattingly,* 72 Ind. 349.

Counsel have brought to our attention but one other cause for which a new trial was claimed, and that is the refusal of the court to permit the witness Henry E. Robinson to answer certain questions propounded on behalf of the appellant Swift. The questions proposed, and the statement of what was expected to be elicited thereby from the witness, as set forth both in the motion for a new trial and in the bill of exceptions, are as follows:

"1st. State the conversation that occurred in the afternoon with Joseph Ratliff and you in regard to the interest note, when Cornelius Ratliff and Joseph were at the office of the Robinson Machine Works.

"2d. What, if anything, was said by Joseph C. Ratliff about the note in suit at the conversation held with him in the office of the Robinson Machine Works on the afternoon of May 20th, 1877?

"3d. State whether or not any note in connection with

this matter was delivered by you to Joseph C. Ratliff on that afternoon, and, if so, produce the note if you can."

"And said defendant Swift, at the time of propounding said questions, announced to the court that he proposed and offered to prove by said witness, that a note payable in bank was executed by said Robinson Machine Works to Cornelius Ratliff for six months' interest on the note in suit, and the time for its payment extended for six months as alleged in the answer of said Swift to the plaintiff's complaint, and that the note was then delivered to Joseph C. Ratliff, who took it away with him; and the plaintiff, at the time each of said questions was asked of said witness, objected to the same, and the court sustained the objection and excluded the evidence, but said that the witness would be permitted to testify in answer to the questions if the witness would state that it was in the presence and hearing of Cornelius Ratliff, the witness having already stated that Cornelius Ratliff was not present."

These questions and the proposed answers are claimed to have been pertinent and admissible under two paragraphs of Swift's answer, wherein he claimed to have signed said note only as indorser or surety, and that on the 19th day of May, 1877, in consideration of a note "for $385.87 for six months interest in advance, up to November 8th, 1877, on the note sued on, with interest at ten per cent. per annum after maturity, and payable at the First National Bank of Richmond, Ind.," made by said Robinson Machine Works to the plaintiff, the plaintiff had agreed to extend and had extended the time of payment of the note in suit, until November 8th, 1877, without said Swift's consent.

The bill of exceptions shows that these questions were asked after all the other evidence in the case had been adduced, there having been none except that offered in defence, and the appellants claim that such proof had already been made of the agency and authority of Joseph C. Ratliff

to act and speak for his father, Cornelius, in the premises, as to make the proposed evidence admissible, though said Cornelius was not present at the time and place referred to.

In order to afford a proper understanding of the question presented, and to show the grounds of our decision, it is necessary to set forth at some length parts of the testimony actually delivered by said witness, Robinson. Being sworn and shown the note sued on, he said: "This note was due May 8th. About the 19th of May last I first had a conversation with Cornelius Ratliff with reference to the extension of this note, at the office of Robinson Machine Works; * * * I asked Mr. Ratliff to renew the note, omitting the indorsement of R. H. Swift; * * * Joseph Ratliff was with him. It was on the following day Joseph Ratliff explained that they had come down with reference to this note; * * that his father was uneasy about it. * * * A suggestion was made, I don't know who by, to continue the old note by payment of interest. * * Mr. Yeo replied that it would be as well to release Mr. Swift at once, as the payment of interest in advance would not only release him but the other indorsers. * * * In the afternoon of the same day, I think, [Joseph Ratliff came to my desk at Robinson Machine Works and said: 'We have concluded to take a separate note for the interest for six months.']" This statement in brackets objected to, and objection sustained. Cross examination: "The interest note was not sent to the bank; it was given to Joseph Ratliff. This note was signed by Robinson Machine Works, and indorsed by all who indorsed the original note except Swift. I have the interest note; the principal note was sent to the First National Bank." Witness, being recalled and shown the note, said: "In the afternoon Joseph Ratliff came to my office and said: 'We have concluded to take a separate note for the interest, if that is satisfactory to you.' I executed this note. * * * At the time of the conversation, when Cornelius was present,

Swift *et al. v.* Ratliff.

in the forenoon,   *   *   the interest note had not been writ-
ten yet;   *   *   *   I did not see Cornelius there in the after-
noon.   In conversation in the forenoon there was nothing
said about interest note, and none drawn up.   *   *   *   The
interest note was brought back by Joseph Ratliff on the 30th
of May.   In the morning conversation they were both pres-
ent.   *   *   Joseph Ratliff did not say that they would go
up town and take advice and come back and let us know
about the interest note.   He did not come back in the after-
noon and say that the interest note was not satisfactory; he
did not say in the afternoon, 'we decline to take the note.'
I did give Joseph Ratliff the interest note in the afternoon.
Joseph did not say that he would prefer Swift's name on it.
I think he gave a receipt for the note.   I don't remember
whether the receipt was returned to him or not.   I do know
there was a receipt given.   The note was not returned on
the same day."

A comparison of the testimony given by this witness with
that proposed to be drawn from him, in response to the
questions which were forbidden to be answered, shows that
he had already stated all which it was competent for him to
say, of what it was proposed that he should say, in response
to those questions.   Of all which it was proposed to show,
there remains unanswered nothing but what was a part of
the terms of the note, as that it was payable at bank and
the like; and these should have been shown by putting the
note itself in evidence.   The note was present, was suffi-
ciently identified, *prima facie* proof of its execution made,
and it was the best evidence of its own contents.   But no
offer was made to read it in evidence, and, without it, it is
not clear that upon any state of proof the verdict ought to
have been different.   The theory of the answer is, that the
plaintiff took a bank note in payment of interest in advance
on the note in suit, and that such payment created an im-
plied agreement to extend the time of payment on the prin-

cipal note for the time for which the interest was paid ; but, until the note given in payment of the interest is put in evidence, it can not be known or presumed that it did not in terms reserve the right of the holder to bring suit on the principal note, or contain some other provision which would avoid any claim of a discharge from liability of any party to the original paper.　One who sets up a defence whereby he claims a release from one writing, by reason of the execution of another, can hardly be credited with having shifted the burden of proof on the subject, until he shall have produced the new writing on which he relies, or, having shown a good excuse for not producing it, shall have proved its contents.　But, aside from this question, it is clear, for the reasons already given, that the court committed no error in excluding the proposed answers to the questions under consideration.　It is, in some measure, a matter of judicial discretion whether a witness, after being once discharged from the stand, may be recalled at all by the party who first called him, but it can never be an available error to exclude a mere repetition of testimony already delivered.

The judgment is affirmed, with costs.

Petition for a rehearing overruled.