In the Matter of the Judicial Settlement of the Account of Proceedings of MORTON ROSENBERG and Others, as Executors, etc., of CHARLES ROSENBERG, Deceased.— Pursuant to section 309 of the Surrogate's Court Act a referee will be appointed to take further testimony in this proceeding.  The testimony presents a close issue of fact as to whether or not Morton Rosenberg was a partner with his deceased father, Charles Rosenberg.  Additional testimony is desired by the court to aid it in determining this issue of fact.  Evidence concerning income tax returns made by Morton Rosenberg, individually and as executor of the estate, was improperly excluded.  In 1917 there was an affirmative duty on a partnership to file a statement for the purpose of fixing the excess profits tax. For the year 1917 partnership income as such was taxable for excess profits. For every year since that time, although partnerships are not taxable as such, partners are required to make an annual return as informative of the profits of the partners.  This apparently is exacted of the partners as a check upon the individual returns filed by them in their individual capacities.  The regulations promulgated by the Federal government by executive order may be taken judicial notice of by this court.   Provisions for the inspection of returns which are relevant to the issues in this proceeding, are as follows:  As to inspection of individual returns, regulation 5 of article 1090; as to inspection of partnership returns, regulation 7 of article 1090; as to inspection of returns of estates and trusts, regulation 8 of article 1090.*  Evidence of the contents of these returns should be before the court.  If the decedent, Charles Rosenberg, prior to his death on July 4, 1917, filed any return for the year 1916, that should also be produced, as well as any returns filed with the State tax authorities.  In addition to the foregoing, a petition apparently verified by Morton Rosenberg, at folios 2217 to 2220 of the record, which is described as a petition " For purposes of arbitration," was

---

* See Treas. Dept. U. S. Int. Rev. Regulations No. 62, art. 1090, regs. 5, 7, 8, 9.— [REP.

properly admissible in evidence as the declaration of a party, and was wrongfully excluded by the trial judge, unless upon inspection it was shown to involve a confidential or privileged communication. Kelly, P. J., Rich, Jaycox, Manning and Kelby, JJ., concur. Settle order on notice.