STANDARD AUTO INSURANCE ASSOCIATION v. REESE.

[No. 12,067.   Filed October 15, 1925.]

1. RELEASE.—*Release without consideration invalid.*—A release is a species of contract and requires a consideration.   p. 503.

2. APPEAL.—*Court need not determine whether release pleaded was procured by duress where evidence sufficient to sustain verdict on theory of no consideration.*—On appeal from a judgment in an action on a fire insurance policy where a release of the cause of action was pleaded by the defendant, to which the plaintiff replied that the release was executed without consideration and under duress, the appellate tribunal need not determine whether the release was procured by duress where the evidence was sufficient to sustain the verdict on the theory that there was no consideration for the release.   p. 503.

3. APPEAL.—*All instructions on same subject must be considered in determining whether there was reversible error in giving an instruction.*—In determining whether there was reversible error in giving an instruction, all other instructions on the same subject must be considered.   p. 503.

4. APPEAL.—*Instruction on duress in procuring release held not reversible error in view of other instructions on the same subject.*—In an action on a fire insurance policy, where the defendant pleaded a release on the cause of action, to which plaintiff

replied that release was procured by duress, an instruction that the release would not be valid if, at the time the release was executed, plaintiff was oppressed by defendant's agent or was "induced" by threats regarding his personal liberty to sign the release, was not reversible error in view of other instructions on the same subject. p. 503.

5. APPEAL.—*Error in instruction relating to duress by threats held harmless in view of evidence showing threat of imprisonment.*—In an action on a fire insurance policy, in which one of the defenses pleaded was a release of the cause of action, any error in an instruction as to duress by threats by omitting any reference to the requirement that a threat of prosecution must be accompanied by a threat of immediate imprisonment was harmless where the evidence shows that such a threat was made. p. 505.

6. APPEAL.—*Instruction held not objectionable on the ground that it incorrectly placed the burden of proof.*—In an action on a fire insurance policy, an instruction that plaintiff was entitled to recover if, at the time of the execution of the policy and at the time of the fire, he was the owner of the automobile in question and the damage thereto was not caused by any deliberate act of his, unless he had released the insurer by a valid release founded on a good consideration, was not objectionable on the ground that it incorrectly placed the burden of proof on the defendant. p. 505.

7. APPEAL.—*Incompleteness of instruction not ground for complaint, but appellant should have tendered instruction on the subject.*—In an action on a fire insurance policy, an instruction relating to plaintiff's confession that he had wilfully set fire to the insured property, *held* correct but not complete, and that if appellant desired an instruction as to the effect of the confession in case the jury found it was not procured by duress, it should have tendered an instruction on that subject. p. 506.

8. APPEAL.—*Error in instruction as to amount of recovery in action on fire insurance policy held harmless.*—In an action on a fire insurance policy for the damage to an automobile, an instruction that if the jury found for the plaintiff, the damages should be determined by the difference between the value of the machine immediately before and after the fire was not reversible error where all the evidence concerning the value of the automobile related to its market value before and after the fire. p. 507.

9. INSURANCE.—*False statement that mortgage on insured property had been paid would not avoid policy where it contained a provision making it payable to the mortgagee.*—The fact that the insured, at the time of the receipt of the policy, falsely

stated that a mortgage on the insured property had been paid, would not constitute a defense to an action on the policy where it contained a provision making it payable to the mortgagee as his interest might appear, as the evidence conclusively showed that the insurer did not rely on such statement in issuing the policy.    p. 507.

From Clinton Circuit Court; *Earl B. Stroup,* Judge.

Action by Arbey Ray Reese against the Standard Auto Insurance Association. From a judgment for plaintiff, the defendant appeals. *Affirmed.* By the court in banc.

*Kissinger & Hall* and *Earl F. Gruber,* for appellant.

*Jackiel W. Joseph, Brenton A. Devol* and *Thomas M. Ryan,* for appellee.

McMAHAN, J.—Action by appellee upon a policy of insurance insuring an automobile owned by appellee against loss from fire.    Appellant filed an answer in four paragraphs, the first being a general denial.    The second paragraph pleaded a release.    The third alleged that appellee wilfully set fire to the automobile and under the policy could not recover.    The fourth paragraph alleged a breach of warranty of the truth of the statements in the application, and that the statements therein were false.    Appellee filed a reply in four paragraphs, the first being a general denial.    The second admitted the execution of the release but alleged that it was executed without consideration.    The third paragraph also admitted the execution of the release but alleged that it was obtained by duress.    The fourth paragraph admitted the execution of the release and alleged in detail the facts concerning the execution of the same and alleged that it was procured by duress and without consideration.    From a verdict and judgment in favor of appellee, appellant appeals and assigns as error the action of the court in overruling its motion for a new trial.

The specifications in the motion for a new trial are that the verdict is not sustained by sufficient evidence, and the giving of certain instructions. The only contention made by appellant in support of the first specification is, that the evidence is not suffi-cient to sustain a finding that the release was obtained by duress. No claim is made that the evidence is not sufficient to sustain the verdict upon the theory that the release was executed without consideration. As was said in *Jaqua* v. *Shewalter* (1894), 10 Ind. App. 234, 36 N. E. 173, 37 N. E. 1072: "A release is the act or writ-ing by which some claim or interest is surrendered to another person. And. Law Dic. It is a species of con-tract, and like any other contract, it must have a con-sideration." There is ample evidence to sustain the verdict on the theory that the release was executed with-out consideration. This being true, we are not called upon to determine whether or not the release was pro-cured by duress.

Appellant next contends that the court erred in giv-ing certain instructions. In Instruction No. 1, given at the request of appellee, the court in instructing the jury in relation to duress said: "Such pres-sure or constraint as compels a man to go against his will and virtually takes away his free agency and destroys the power of refusing to comply with the un-lawful demands of another constitutes duress. So if you find that at the time the plaintiff signed the release of the defendant he was oppressed by an agent of the defendant, or was induced by threats regarding his per-sonal liberty to sign the release then you will find that there was no meeting of the minds of the parties so as to constitute a valid contract and release, and such re-lease will not be treated by you as a final settlement between the parties." The objections made to this in-struction are, that oppression is not sufficient to con-

stitute duress unless the free agency of the party is destroyed, and that the statement that, if plaintiff was induced by threats regarding the personal liberty to sign the release, they should find there was no meeting of the minds of the parties so as to constitute a valid release, is an erroneous statement of what may amount to duress. The objection to the last statement is that the word "induced" does not mean the destruction of free agency and that nothing short of destruction of free agency can constitute duress. Instruction No. 2, given at the request of appellee and instructions Nos. 11 and 12, given by the court upon its own motion, all related to the question of duress. In determining whether there was any reversible error in giving instruction No. 1, we must look to and consider all other instructions given upon that subject. By said instruction No. 2, the jury was told that if plaintiff at the time he signed the release was threatened with criminal prosecution by appellant in case he refused to sign it and that he signed it under a condition where he was unduly influenced by such threats, it should find that the release was obtained by fraud. Said instructions Nos. 11 and 12, in so far as they relate to duress, are as follows: No. 11. "Duress is that degree of constraint or danger, either actually inflicted or threatened and impending which is sufficient in severity or in apprehension to overcome the mind and will of the person upon whom it is exercised, thereby causing him to do and perform some act which he would not otherwise have performed and which act is therefore deemed in law not to be his voluntary act. If defendant did in fact, by duress within the meaning of this instruction, obtain the signing and delivery of the alleged release, such release would not be binding upon plaintiff even though it were executed with valid consideration."

No. 12. "Duress, to vitiate and render void a contract must not only be of such nature as to overcome the will and mind of the person upon whom it is exercised, but must also actually accomplish such result. If, notwithstanding the exercise of duress, an instrument still is the free act of the party upon whom the duress is exercised, such act will not be void by reason of such duress. In other words, the duress to render void an otherwise valid agreement must have been the procuring cause of the agreement." Considering these instructions, said instruction No. 1 is not subject to the objections argued.

Appellant also objects to the giving of instruction No. 2, for the reason that a threat of prosecution does not constitute duress without a further threat of immediate imprisonment, that said instruction was not relevant to the issues, and that there was no evidence of any threat to prosecute the plaintiff. While the instruction may be objectionable for the first reason urged, such defect alone would not be sufficient reason for reversal. Appellee testified that he was threatened with immediate imprisonment. Appellant's witness who was charged with making the threat denied having made any threat. The only witnesses who testified on this particular subject were appellee and the one who it is claimed made the threat. If any threat was made, it was a threat of immediate imprisonment, and the instruction under consideration, if erroneous, was harmless.

Complaint is also made of the giving of instruction No. 6 tendered by appellee, wherein the court told the jury that if it found from the evidence that appellee, at the time of the execution of the policy and at the time of the fire, was the owner of the automobile in question and that the damage to the automobile was not caused by or through any deliberate act

or conduct on his part intended by him to cause its destruction, it should then find that he was entitled to recover its value at the time of its destruction or damage unless the jury should find that he thereafter released appellant by a valid release founded on a good consideration. Appellant says that the court by this instruction undertook to narrate all the facts necessary for a recovery by appellee. That such an instruction must be complete within itself and cannot be aided by reference to other instructions. That it does not require appellee to prove the facts stated by a preponderance of the evidence and that it placed the burden of proof upon appellant to overcome the plea of duress, and that the admission of appellee that he executed the release was conclusive as to its execution and that the burden of proving duress was on appellee and not appellant. The instruction is not subject to any of the objections urged. It had no bearing on the burden of proof or on the preponderance of the evidence.

Instruction No. 17 given by the court upon its own motion, after calling the attention of the jury to a statement signed by appellee purporting to be a confession that he voluntarily and wilfully set fire to the automobile, instructed them that said statement was admitted in evidence as an admission; that if the jury found that it was executed by reason of duress it could not be regarded as a voluntary admission; that such statement should be considered in the light of the circumstances surrounding its execution and given such weight as the jury deemed it entitled to in view of all the other circumstances in the case, and if found that it had been executed under and by reason of duress the jury should disregard it. The objections urged to this instruction are that it told the jurors they should consider the confession in the light of the circumstances surrounding its execution and give it such

weight as they deemed it entitled to in view of all the "other facts and circumstances" in the case. That it made it optional with the jury to ignore the admission though it should be found that such admission had not been obtained by duress. Appellant contends that if the jury had found the admission or confession was not obtained by duress, appellee could not recover no matter what facts or circumstances existed, since the policy provided that appellant was not liable if appellee voluntarily set fire to the automobile. The instruction was correct in so far as it went. If appellant desired an instruction as to the effect of the confession in case the jury found it was not obtained by duress, it should have tendered an instruction on that subject.

Instruction No. 21, of which complaint is made, related to the measure of damages. The court, by this instruction, told the jury that in case they found 8. for appellee, the damages should be determined by the difference between the value of the automobile immediately before and immediately after the fire. Appellant says the giving of this instruction was error for the reason that the difference between the market value before and after was the proper measure of damages. All of the evidence introduced concerning the value of the automobile related to its market value before and after the fire. This being true, the giving of this instruction was not so prejudicial to appellant as to be cause for a reversal.

The court, by its sixth instruction, referred to appellant's fourth paragraph of answer which alleged that appellee in the application stated that the automobile was mortgaged to Walter Merritt for 9. $700, that the policy was issued on said application payable to Merritt as his interest might appear, that thereafter, when said policy was delivered to appellee, he stated that the mortgage had been paid and

refused to accept the policy unless said clause be removed, that appellant believing and relying on said statement removed said clause from the policy, that it afterward learned that said mortgage had not been paid, that the statements of appellee in relation thereto were false and that it had tendered to him the amount of the premiums he had theretofore paid and had kept its tender good by bringing the money into court for his use. The court, by said instruction No. 6, instructed the jury that said answer did not constitute a defense. Appellant contends this was error, upon the theory that there was evidence to substantiate the alleged fraud on the part of appellee after the policy was issued. There was no error in the action of the court in the giving of this instruction. The policy sued on and introduced in evidence contained the clause making the policy payable to Mr. Merritt as his interest might appear. The evidence shows that he held a mortgage at the time the policy was issued and that the same was not paid until after the fire. If it be conceded that appellee stated that the mortgage had been paid, the evidence conclusively shows that appellant in issuing the policy did not rely upon such statement and that the policy was not void by reason of fraud.

Judgment affirmed.