FITZGERALD, ETC., ET AL. *v.* WASSON COAL MINING
CORPORATION ET AL.

[No. 20,201. Filed December 17, 1965.]

*John P. Lutz,* of Boonville, and *William T. Fitzgerald* and *F. Wesley Bowers,* of Evansville, for appellants.

*Burley Scales,* of Boonville, for appellees.

PRIME, C. J.—The case at bar involves a suit by appellant for attorney fees allegedly owed by appellee. From the record it appears that appellee had retained its regular attorney for the purpose of pursuing a property damage claim involving one of appellee's trucks. This attorney, with the knowledge and consent of appellee, retained appellant's law firm to aid in settlement of litigation of the damage action. The record further discloses that after appellant had filed complaint and had conducted various negotiations that the case was settled out of court for $6500.00. Appellant subsequently made demand for attorney fees which was in turn

refused by appellee. The amount of fee demanded was based upon the standard bar fee of that jurisdiction which was applicable to a contingent fee arrangement for the particular type of case involved. A fee contingent on the amount of client's recovery would be usual and normal. Since there was no evidence of any willingness on the part of the client to pay on the basis of time spent, the theory of contingent fee does not seem to be the cause of dispute.

In the trial below the appellant introduced evidence and appellee submitted none. The trial court, upon motion by appellant, directed the verdict in favor of appellant and based the amount upon the testimony of expert witnesses—attorneys from the jurisdiction below, who testified as to the standard bar fees. The appellees then filed a motion for a new trial, which was sustained by the court. The court then ordered the judgment heretofore entered set aside and annulled.

Appellants here urge as their assignment of error that the court erred in sustaining appellee's motion for a new trial.

The court below gave as its reasons for sustaining said motion that there was no contractual basis pleaded or submitted in evidence to determine the amount of attorney fees in the said litigation.

The order granting a new trial reads in part:

"And the court having reviewed the evidence and hearing argument in said cause finds that there was no contractual basis either pleaded or submitted in evidence to determine the amount of attorneys' fees in the said litigation that therefore the fees as sued for would be determined on a reasonable basis as to their value and that it is an evasion of the province of the jury in such a case for the court to determine the value of the services rendered upon the sole opinion of expert evidence and that the same should have been submitted to the jury for finding in accord with the case of Dunn v. Deitchel, et ux. '1930' 169 N. E. 503." (204 Ind. 269)

As stated above, it appears uncontradicted in the record that appellee's attorney was given authority to hire appellant, and the testimony as to the discussion between the attorney and appellee reveals that they agreed to hire appellant on a contingent fee basis.

Resumé of the testimony of Herman McCray:

I was one of the attorneys for Wasson Coal Mining Corporation from about 1944 to 1956. In February, 1953, I was authorized by Mr. Wasson to employ the firm of Darby & Fitzgerald and did employ them. The case was dismissed and the same was fully compromised and settled. I was President of the Evansville Bar Association in 1949. I am acquainted with the fee charged by attorneys. If settlement is made before trial the fee is 33⅓% of the settlement. Mr. Wasson and I discussed the fee arrangement concerning the law suit. In my conversation with Mr. Wasson, the Bar Schedule Fees were to be followed. Mr. Wasson said, "Now Mr. Fitzgerald will be paid his fee in this case." I have not been paid by Mr. Wasson and have no claim. Mr. Wasson told me that regardless of the outcome of the negotiations he would still owe Bill Fitzgerald and said Mr. Fitzgerald's fees would be taken care of.

The above testimony was not disputed and the appellee did not testify and no evidence of any kind was submitted by appellee.

Appellant next put into evidence the uncontradicted testimony of several expert witnesses as to what a standard contingency fee consisted of in the particular jurisdiction. We think the words of the court in *Wright* v. *Peabody Coal Co.* (1947), 225 Ind. 679, 686, 77 N. E. 2d 116, are controlling in this instance:

"It is the law of this state that a prima facie case must always prevail in the absence of countervailing proof or in other words where the evidence in the record is all one way its effect becomes a matter of law *even in favor of the plaintiff to recover.*" (Emphasis added)

Thus, it appears to our satisfaction that the appellant submitted sufficient evidence below to prove a contract and warrant the peremptory instruction given.

There remains only the question as to whether appellant's complaint was sufficient to sustain admission of evidence proving the contract—or in other words, was there a material variance between the pleading and the proof? In reaching a decision on this point we must turn to our statutes for a just conclusion. Section 2-1063 and 2-1064, Burns' Indiana Statutes Annotated, 1946 Replacement, read as follows:

> "2-1063 [418]. Variance, when immaterial—Procedure when party mislead.—No variance between the allegations in a pleading and the proof is to be deemed material, unless it have (has) actually mislead the adverse party, to his prejudice, in maintaining his action or defense upon the merits. Whenever it is alleged that a party has been so mislead, that fact must be proved to the satisfaction of the court, and it must be shown in what respect he has been mislead; and, thereupon, the court may order the pleading to be amended on such terms as may be just." [Acts 1881 (Spec. Sess.), ch. 38, § 130, p. 240.]
>
> "2-1064 [419]. Variance immaterial—Action of court. —Where the variance is not material, as provided in the last section, the court may direct the fact to be found according to the evidence, or may order an immediate amendment, without costs. [Acts 1881 (Spec. Sess.), ch. 38, § 131, p. 240.]

In *Freas* v. *Custer* (1929), 201 Ind. 159, 166 N. E. 434, it was held that a complaint based on quantum meruit for services rendered, where evidence of an express contract was admitted *without objection,* will be treated as having been amended so as to conform with the evidence.

Appellee here made no complaint of surprise, or of having been misled to its prejudice; and we, therefore, conclude that any variation between the pleadings and the proof was immaterial.

Even in the case of determining a matter as nebulous as

negligence it was held in *New York Central R. R. Co.* v. *Casey* (1938), 214 Ind. 464, 469, 14 N. E. 2d 714, that:

"Where the facts are in dispute, or where more than one reasonable inference may be drawn from the facts, negligence is to be determined as a fact by the jury, but *where the facts are not in dispute,* and only one reasonable inference may be drawn, negligence is a pure question of law." (Emphasis added)

In view of the above record, we determine that a contractual basis was properly pleaded and sufficient evidence submitted to determine the amount of attorney's fees.

The appellees contend that the appellants should have spelled out in their complaint that the employment was on a contingent fee basis under the schedule of fees as set out in the Evansville Bar Association Schedule of Fees.

We believe that there was sufficient evidence on this point to prove the existence of the facts concerning the contingent fee contract and that there was no material variance in the complaint and the proof submitted. Burns' 2-1063; 2-1064, *supra.*

The verdict was properly directed as there is no evidence in the record to support a different verdict. A verdict is properly directed where it would be necessary to set aside an adverse verdict. 28 I. L. E., § 136, p. 131.

A peremptory instruction is proper if the proof, whether oral or documentary, is of such a character as to permit one inference to be drawn therefrom, such inference being in favor of the person on whom rests the burden of proof. *Deeter* v. *Burk* (1915), 59 Ind. App. 449, 107 N. E. 304; *Lyons* v. *City of New Albany* (1913), 54 Ind. App. 416, 103 N. E. 20; *McCardle* v. *Aultman Co.* (1903), 31 Ind. App. 63, 66, 67 N. E. 236.

These cases being supported by good reason, it follows that no reversible error resulted from the giving of the peremptory instruction unless there was a complete failure of proof. There was no such failure here.

The appellees did not deny or offer to explain the testimony given by appellants' witnesses. Such a situation would tend to give rise to the inference that such evidence might be unfavorable. 12 I. L. E., § 25, p. 448. *Bircher et al.* v. *Wasson et al.* (1962), 133 Ind. App. 27, 180 N. E. 2d 118; *Elliott* v. *Metropolitan Life Ins. Co.* (1946), 116 Ind. App. 404, 64 N. E. 2d 911.

There being a total lack of evidence introduced by the appellees upon the issues and there being no conflict in the same, we hold that the court properly directed a verdict and that the verdict was not contrary to law.

This is a case where the evidence and facts are not disputed in any manner. The appellants submitted their proof and the appellees submitted none.

It appears plain that this is a simple question of whether or not the proof was strong enough to warrant a peremptory instruction. We think it was. We do not think that the complaint need set out by what exact formula attorney fees are arrived at in some particular county or jurisdiction.

The customary amount was arrived at by competent evidence given by members of the profession. We believe the directed verdict as returned by the jury should stand and that the motion for a new trial should have been denied.

There is considerable questioning and testimony concerning the exact amount of time spent on the case by the appellant; whether or not the appellant negotiated the settlement and how much of his talent was devoted to the case. In that connection, we think it is well understood that the actual recorded time spent on any case by an attorney is an ethereal standard to apply. It is completely immaterial where the fee was based contingent upon the amount of recovery.

The reputation, ability, skill, prestige and past record of accomplishments are all facts that enter into the negotiating

and settlement of law suits. We believe that all members of the legal profession would be the first to admit that the actual minutes or hours spent on a certain case are not the sole determinants of legal fees. Lawyers are retained to accomplish the appropriate objective of the client by legal and honorable means.

In the case at bar, the appellant was retained to bring about a successful conclusion of his client's case.

The evidence was undisputed that the matter was successfully prosecuted and a presumably satisfactory settlement consummated.

It appears to us that the determination of a proper fee should be a question for the court based upon the contingent contract and upon the advice and testimony received from members of the profession. Whereas here, the amount of the fee was in keeping with the schedule adhered to in the jurisdiction, we see no reason to change the verdict and judgment originally rendered by the court.

The motion for a new trial should be overruled and the judgment reinstated and we so order.

Judgment reversed.

Carson and Wickens, JJ. concur. Faulconer, J., concurs in result.

NOTE.—Reported in 212 N. E. 2d 378.