LANDERS *v.* McCOMB WINDOW AND DOOR CO., INC.

[No. 768A124. Filed June 23, 1969. Rehearing denied July 23, 1969. Transfer denied October 24, 1969.]

*Richard H. Crokin,* of Indianapolis, *Robert Parr,* of counsel, of Lebanon, and *Frazier & Crokin,* of counsel, of Indianapolis, for appellant.

*Keith C. Reese, John W. Donaldson, Rocap, Rocap, Reese & Young,* all of Indianapolis, for appellee.

SHARP, J.—This was an action for personal injuries commenced by the Plaintiff-Appellant, Forrest Landers, against the Defendant-Appellee, McComb Window and Door Co., Inc., and other Defendants. The Defendant, Broady, Edwards, Campbell & Tarrant, Inc., was dismissed on motion of the Plaintiff-Appellant, which dismissal was on the first day of the trial. The original complaint was filed March 13, 1967, and alleged specific acts of negligence as to the various defendants named therein. The Defendant, McComb Window and Door Co., Inc., filed its answer in three legal paragraphs to the Plaintiff's complaint on April 24, 1967. The first paragraph of its answer was in denial, the second paragraph of its answer alleged the defense of assumption of risk and the third paragraph of its answer alleged the defense of contributory

negligence. On January 22, 1968, the cause was called for trial and prior to the selection of the jury the Appellant dismissed the Defendant, Broady, Edwards, Campbell & Tarrant, Inc. On January 22, 1968, and subsequent to the dismissal of the Defendant, Broady, Edwards, Campbell & Tarrant, Inc., the Defendant-Appellee, McComb Window and Door Co., Inc., filed additional paragraphs of answer, which read as follows:

"The defendant, McComb Window and Door Co., Inc., a Corporation for Fourth Paragraph of Answer to Plaintiff's Amended Complaint, says:

1. That the plaintiff herein has fully settled and compromised this cause of action by means of settling with and fully releasing by means of an unconditional release Broady, Edwards, Campbell and Tarrant, Inc., a Corporation, a former defendant in this cause and an alleged joint tort feasor.

2. Said release of said Broady, Edwards, Campbell and Tarrant, Inc., a Corporation, is a bar to plaintiff's recovery herein against this defendant.

3. This defendant is without information as to the exact terms of said release but alleges that it was founded on a valuable consideration, the amount unknown, and does not know whether or not said release was written or verbal but plaintiff has full knowledge in that regard. The defendant avers that said release by its terms pertain to and embrace the matters in controversy in plaintiff's Amended Complaint for Damages.

WHEREFORE, the defendant, McComb Window and Door Co., Inc., prays that plaintiff take nothing by his Amended Complaint and for all other necessary and proper relief in the premises.

## V.

"The defendant, McComb Window and Door Co., Inc., a Corporation, for Fifth Paragraph of Answer to plaintiff's Amended Complaint, says:

1. Plaintiff herein has entered into an agreement with Broady, Edwards, Campbell and Tarrant, Inc., a Corporation, a former defendant in this cause, and the plaintiff has received by the terms of said agreement valuable consideration.

2. The terms of said agreement between plaintiff and Broady, Edwards, Campbel and Tarrant, Inc., a Corporation, are unknown in detail to this defendant, but if said agreement is other than a complete bar to plaintiff's action then this defendant will be entitled to said amount of consideration so paid by way of mitigation of damages if any the plaintiff is entitled to against this defendant, which this defendant denies."

The Appellant filed Reply to such additional paragraphs of answer, which reads as follows:

"Comes now the Plaintiff and for reply to the allegations of the Fourth Paragraph of the Answer filed by Defendant McComb Window and Door Co., Inc., and the Fifth Paragraph of the Answer filed by Defendants Martin J. Lynch and William Lynch, alleges and states as follows:

1. Plaintiff denies the allegations of Paragraph One.

2. Plaintiff denies the allegations of Paragraph Two.

3. Plaintiff admits that he has dismissed from this cause the Defendant Broady, Edwards, Campbell and Tarrant, Inc., that such Defendant is no longer a party to this suit, and that such Defendant has agreed to pay to Plaintiff, in consideration of Plaintiff's dismissal of the claim asserted against such Defendant the sum of Two Thousand Five Hundred ($2,500.00) Dollars. Plaintiff denies that he has executed, intends to execute, or has agreed to execute any release of any nature as to Broady, Edwards, Campbell and Tarrant, Inc., or as to any other party, and further avers that such dismissal and promise of payment were not intended by the parties thereto to effect a full or complete settlement and satisfaction of Plaintiff's claim and cause of action against any party or parties other than Broady, Edwards, Campbell and Tarrant, Inc.

"Comes now the Plaintiff and for reply to the allegations of the Fifth Paragraph of the Answer filed by McComb Window and Door, Inc., and the Sixth Paragraph of Answer filed by Defendants Martin J. Lynch and William Lynch, alleges and states as follows:

1. Plaintiff realleges the allegations of rhetorical paragraph three of his reply to Pleading Paragraph IV and V of these Defendants' Answer.

2. Plaintiff admits that from the sums which Defendants McComb Window and Door Co., Inc., and Martin J. Lynch and William Lynch are found to owe to Plaintiff, as a result

of the accident and injuries set forth in Plaintiff's complaint, such Defendants are entitled to a credit of Two Thousand Five Hundred ($2,500.00) Dollars."

The case proceeded to trial and the jury rendered verdict for the Appellant-Plaintiff in the sum of $30,000.00 upon which the trial court entered judgment. The Appellee, McComb Window and Door Co., Inc., filed a Motion for New Trial, which contended that the verdict of the jury was contrary to law, that the trial court erred in overruling the motion of the Defendant made at the close of all the evidence to instruct the jury to render a verdict for the Defendant, and erred in refusing to direct a verdict for the Defendant at the close of all of the evidence. On May 2, 1968, the trial court sustained Appellee's Motion for a New Trial and entered the following order:

"Comes now the Court and having heard oral argument on the motion of defendant, McComb Window and Door Co., Inc., for new trial heretofore filed with memorandum in support thereof, and upon plaintiff's memorandum in opposition thereto, now sustains said motion in the following specifications to-wit:

Specification 3. The verdict of the jury is contrary to law.

Specification 8. Error of law occurring at the trial in that the Court erred in overruling the motion of the defendant, made and filed in writing, at the close of plaintiff's evidence and made and files in writing at the close of all the evidence in the case, to instruct the jury to return a verdict for said defendant and in refusing to direct a verdict for said defendant at the close of plaintiff's evidence and at the close of all the evidence.

IT IS THEREFORE ORDERED, ADJUDGED AND DECREED, by the Court, that the verdict of the jury heretofore returned and filed on January 26, 1968, and the judgment of the Court entered thereon be set aside and held for naught; and this cause is now assigned for trial by jury the 30th day of September, 1968.

MEMORANDUM

The Court bases its above ruling on the following excerpts from the record:

'Q. I'm sorry, maybe it would be quicker if I would do it over again. Mr. Landers, did you decide to dismiss this lawsuit against Broady, Edwards, Campbell & Tarrant, Inc.?

A. Yeh.

Q. And when did you do that, Sir?

A. Monday.

Q. That's this last Monday?

A. Yes, Sir.

Q. And did you receive or have you agreed to accept money from Broady, Edwards, Campbell & Tarrant, Inc. in consideration of that dismissal?

A. Yes, I guess.

Q. Well, I want to be sure you understand when you say you guess. You mean you did agree to accept some money from them or you did not?

Do you understand me?

A. Yeh.

Q. You did agree to accept money from them?

A. Yeh.

Q. In return for a dismissal, is that right?

A. Yeh.

Q. And how much?

A. $2500.00.

Q. $2500.00?

A. Yes.

Q. Is that right?

A. Yeh.

Q. Now, have you signed any documents dismissing or releasing Broady, Edwards, Campbell & Tarrant, Inc.?

A. No, Sir, I haven't.

Q. Do you intend to?

A. I don't know.

Q. Was it your understanding of this agreement with that firm, Broady, Edwards, Campbell & Tarrant, Inc., that you were releasing them?

A. Yes, Sir.

Q. Mr. Landers, in one of Mr. Reese's question to you, he used the word 'release' with respect to Broady, Edwards,

Campbell & Tarrant, have you signed or agreed to sign or have any knowledge of believing you were going to sign anything in the nature of any document whatsoever with respect to the dismissal of Broady, Edwards, Campbell & Tarrant from this lawsuit?

A. I haven't.

Q. Has anybody told you that you ought to sometime in the future?

A. No.

Q. And so far as you are concerned, you through Mr. Parr and I, as your attorneys, simply dismissed them from this suit?

A. That's right.'

Contrary to plaintiffs statement in the memorandum in opposition, on Page 4, that 'plaintiff further testified . . . did not accept said payment in full satisfaction of all his claims and injuries arising out of the accident,' the Court finds nothing in the record explaining any release except that quoted above.

It is the Court's opinion that Indiana still adheres to the old common law principal as most recently stated in *Bedwell* v. *DeBolt* (1943), 221 Ind. 600, 50 N. E. 2d 875, that the unconditional release of one joint tort feasor releases all. It is only where there is a conflict in the evidence as to whether such 'release' is in full satisfaction, is a covenant not to sue, or is a conditional release, that it becomes an issue for jury determination.

Defendant bore the burden of proving the release in eliciting from plaintiff on cross-examination an affirmative answer to the question, 'Was it your understanding of this agreement with that firm, Broady, Edwards, Campbell & Tarrant, Inc., that you were releasing them?' Plaintiff, in re-direct examination failed to qualify, condition or explain this affirmative answer after the burden had shifted back to him to so do. A release does not have to be in writing as long as it is supported by consideration sufficient to sustain a contract.

There being no dispute in the evidence as to the release, the Court erred as a matter of law in not directing a verdict for defendant at the close of Plaintiff's evidence and at the close of all evidence. The verdict of the jury is further contrary to law for the reason that there was uncontraverted evidence from plaintiff that he had unconditionally

released a joint tort feasor, thereby releasing defendant as a matter of law."

On May 9, 1968, the Appellant filed his Motion to Reconsider the ruling sustaining Appellee's Motion for a New Trial and attached thereto an instrument designated "Covenant not to Sue," which Motion to Reconsider was overruled by the trial court on May 9, 1968.

The Appellant here claims in his Assignment of Errors that the trial court erred in granting and sustaining Appellee's Motion for New Trial and that the trial court erred in overruling and denying Appellant's Motion to Reconsider the order granting and sustaining Appellee's Motion for a New Trial.

The Appellee argues that the evidence referred to in the memorandum of the trial court in granting a new trial and set out, *supra,* established the release of one joint tort feasor as a matter of law and as such invoked the rule of our Supreme Court set forth in *Bedwell* v. *DeBolt,* 221 Ind. 600, 50 N. E. 2d 875 (1943) that the release of one joint tort feasor releases all.

The Appellant contends that the evidence referred to was sufficient to take the question of the release to the jury but did not establish the release of one joint tort feasor as a matter of law in order to be the basis of a directed verdict.

In granting a Motion for a New Trial the trial judge is obligated to set forth his reasons for granting the same. See *Bailey* v. *Kain,* 135 Ind. App. 657, 192 N. E. 2d 486 (1963) ; *Rans* v. *Penn. Railroad Co.,* 133 Ind. App. 592, 181 N. E. 2d 644 (1963). In this case the trial court quite properly limited the reason for his granting a new trial to a single one: Error in failing to direct a verdict for the defendant at the close of all of the evidence because of the release of one joint tort feasor.

In determining whether the trial court properly granted a new trial this court on appeal will confine its consideration to

the reason stated by the trial court. See *Sheptak* v. *Davis*, 246 Ind. 499, 205 N. E. 2d 548 (1965) ; *Richards* v. *Caysinger*, 249 Ind. 671, 234 N. E. 2d 499 (1968). It is also clear that the decision of the trial court in granting a motion for new trial will be affirmed if any of the reasons stated by the trial judge for granting the same are proper. See *State Farm Mutual Automobile Insurance Company* v. *Estes*, 142 Ind. App. 151, 233 N. E. 2d 253 (1968), transfer denied 250 Ind. 476, 237 N. E. 2d 257.

If it is found that it was error to grant the Motion for a New Trial for the reasons given by the trial court, this court may direct that the Motion for a New Trial be overruled and the judgment reinstated. See Wiltrout Indiana Practice, § 1785, and *Fitzgerald* v. *Wasson Coal Mining Corp.*, 138 Ind. App. 176, 212 N. E. 2d 298 (1965) ; *Hardebeck, etc. et al.* v. *City of Anderson*, 137 Ind. App. 455, 209 N. E. 2d 769 (1965).

Therefore, we must determine whether or not the Appellee was entitled to a directed verdict at the close of the Appellant's evidence.

A release is a species of contract which is a *discharge* of an existing or right of action, see *Standard Auto Ins. Ass'n* v. *Reese*, 83 Ind. App. 500, 149 N. E. 137 (1925), and as such differs from a satisfaction. *C.C. & St. L. Ry. Co.* v. *Hilligoss*, 171 Ind. 417, 86 N. E. 485 (1908). There is also a clear distinction between a release and a covenant not to sue. See *Snyder* v. *Miller*, 216 Ind. 143, 22 N. E. 2d 985 (1939) ; *Pike County Coal Co.* v. *Farrabee*, 79 Ind. App. 210, 137 N. E. 680 (1923) ; *Perry Mfg. Co.* v. *Crull*, 56 Ind. App. 77, 101 N. E. 756 (1913).

No particular form or set of words is necessary to constitute a release, *American Quarries Co.* v. *Lay*, 37 Ind. App. 386, 73 N. E. 608 (1905), and a cause of action in tort may be released by parol. *Gabe* v. *McGinnis*, 68 Ind. 538 (1879).

It is a fundamental rule of construction of releases that the intention of the parties must govern and where the release is oral, the intent of the parties is to be gathered from all the circumstances. *Gates* v. *Fauvre,* 74 Ind. App. 382, 119 N. E. 155 (1918).

The trial court gave two instructions on the general subject of release, to which there were no objections. It gave the Defendant's tendered instruction number 20 which stated:

"If you find from a preponderance of the evidence that plaintiff entered into a release agreement with a former defendant in this cause, Broady, Edwards, Campbell & Tarrant, Inc., you are instructed that if you also find upon a preponderance of the evidence that Forrest Landers, plaintiff herein, did intend to fully release and forever discharge the said Broady, Edwards, Campbell & Tarrant, Inc., that such an intention and such a release would under the law of the State of Indiana release all other defendants remaining in this case, including the defendant, McComb Window and Door Co."

It also gave the court's instruction number 13 which stated:

"You are instructed that full satisfaction of a claim for damages given by one or two or more Defendants jointly liable therefor, operates to discharge all, whether a release is given or not. Whether the payment given was in full or partial satisfaction of the damages is for you, the jury to determine from the evidence in this case.

"If you find from the evidence in this case for the Plaintiff on the issue of liability, but that Plaintiff's damages, if any, were $2,500.00 or less, then your verdict should be for the Defendant. If you find for Plaintiff on the question of liability and that Plaintiff's damages, if any, exceed $2,500.00, you should determine Plaintiff's total damages, subtract therefrom the sum of $2,500.00, and assess the balance left as your verdict against the Defendant."

In this case the burden was on the Appellee to plead and prove a release. *C.C. & St. L. Ry. Co.* v. *Hilligoss, supra, Thanos* v. *Fox,* 128 Ind. App. 416, 149 N. E. 2d 315 (1958).

In *Thanos* v. *Fox, supra,* in 128 Ind. App. at page 428, this court stated:

"The court gave other instructions as to the legal effect if the jury should find that appellee had released another tortfeasor, stating that in such an event appellee was not entitled to recover. The complained of instruction told the jury that if they found for the appellee, she having admitted having been paid $3,000 in exchange for a covenant not to sue, said amount should be deducted from the amount of the damages assessed, if any. In our opinion the instruction was not subject to the infirmity urged here. Neither do we agree with appellant that by reason of the statements of appellee in her testimony, the burden of going forward with the evidence on this subject shifted to appellee. *Swift et al.* v. *Ratliff* (1881), 74 Ind. 426, in which our Supreme Court said:
'. . . One who sets up a defense whereby he claims a release from one writing, by reason of the execution of another, can hardly be credited with having shifted the burden of proof on the subject, until he shall have produced the new writing on which he relies, or, having shown a good excuse for not producing it, shall have proved its contents. . . .' "

In *Thanos* v. *Fox, supra,* the trier of fact rejected the defense of release. Apparently the jury rejected the release defense in this instant case. From the evidence and the instructions given, the jury could have determined that Appellee did not sustain his burden on the issue of release.

In this instant case the trial court in effect belatedly directed a verdict for the party having the burden of proof on the issue of release. Therefore, the general rules regarding the direction of a verdict for a plaintiff having the burden of proof are applicable. These rules have recently been well stated in this court in *Rush* v. *Clinger,* 142 Ind. App. 677, 236 N. E. 2d 841 (1968) :

"There are numerous cases which set forth the legal principles which govern the consideration of a motion for directed verdict and peremptory instructions. These principles were cogently enunciated in *Whitaker, Admr.* v. *Borntrager* (1954), 233 Ind. 678, 122 N. E.

2d 734, where the court stated that a trial court may properly give the trial jury a peremptory instruction to find for the defendant in the following instances:

" 'When there is a total absence of evidence or legitimate inference in favor of the plaintiff upon an essential issue; or where the evidence is without conflict and is susceptible of but one inference and that inference is in favor of the defendant. (citations omitted)

" 'When there is some evidence or legitimate inference supporting each material allegation of the complaint, the court will not weigh the conflicting evidence or inference but will consider only the evidence and inferences that are most favorable to the party against whom the motion for a peremptory verdict is directed. (citations omitted)

" 'In determining whether a peremptory instruction should be given the court must accept as true all facts which the evidence tends to prove and draw, against the party requesting such instruction, all inference which the jury might reasonably draw.' "

See also, *Coleman* v. *DeMoss*, 144 Ind. App. 408, 246 N. E. 2d 483 (1969); *Layman* v. *Hall Omar Baking Co.*, 138 Ind. App. 673, 213 N. E. 2d 726 (1966); *Hollowell* v. *Greenfield*, 142 Ind. App. 344, 216 N. E. 2d 537 (1966); *Kampo Transit* v. *Powers*, 138 Ind. App. 141, 211 N. E. 2d 781 (1965).

In this case there was no pertinent documentary evidence. The Appellant's pleadings specifically denied a release. The evidence on the release was confused to say the least.

The Appellee puts primary emphasis on the following question and answer put to the Appellant on cross-examination:

"Q. Was it your understanding of this agreement with that firm, Broady, Edwards, Campbell & Tarrant, Inc., that you were releasing them?

"A. Yes sir."

When the above cited question and answer are considered in light of all the evidence on the subject to release, it does not follow as a matter of law that there was an absolute release of one joint tort feasor.

On the basis of the applicable law regarding release and the entire factual record before us regarding release, the evidence is in conflict and is susceptible to more than one inference. From a consideration of the evidence the sole inference is not in favor of the Appellee. This is particularly true when all of the evidence most favorable to the Appellant as the party against whom a peremptory instruction was sought must be accepted as true.

The Appellee cites and relies on *Bailey* v. *Kain, supra; Topper* v. *Dunn,* 132 Ind. App. 306, 177 N. E. 2d 382 (1961) ; *Newsom* v. *Penn R.R. Co.,* 134 Ind. App. 120, 186 N. E. 2d 699 (1962) ; and *State Farm Mutual Automobile Insurance Company* v. *Estes, supra,* for the proposition that this court will not overturn the determination of a trial court in granting a new trial unless there is (a) a clear abuse of discretion, (b) a flagrant injustice has been done or (c) the complaining party has made a very strong case for relief. In all of these cases cited by Appellee the trial court stated its reasons for granting a new trial broadly, including the reason that the judge had weighed the evidence and after weighing the evidence found the verdict to be against the clear preponderance of the evidence. The position of the Appellee in this regard must be considered in light of the determination made by our Supreme Court in *Sheptak* v. *Davis, supra.* The decision of our Supreme Court in that case must be considered in the light of the Appellate Court decision in *Sheptak* v. *Davis,*[1] 194 N. E. 2d 809 (1963). The Appellate Court opinion in *Sheptak* v. *Davis* standing alone, might give support to the Appellee here. However, our Supreme Court transferred the case and overruled the Appellate Court. Upon transfer our Supreme Court considered the four grounds stated by the trial court in granting a new trial, all of which related to instructions. In 246 Ind. 499, 504, 205 N. E. 2d 548, 551 (1964), the Supreme Court stated:

[1] The Appellate Court opinion in this case was not reported in the official Indiana Appellate Reports.

"It is our opinion that each of the four instructions originally refused by the court below at the trial were improper instructions and the court correctly refused to give them to the jury. It must follow that the trial court erred in subsequently granting a new trial predicated upon its refusal to give the improper instructions."

Thus the Supreme Court limited its consideration to precisely those reasons given by the trial court in granting a new trial. This case is therefore within the principles announced by our Supreme Court in *Sheptak* v. *Davis, supra,* and by this court in *Fitzgerald* v. *Wasson Coal Corp., supra,* and *Hardebeck etc. et al.* v. *City of Anderson, supra.*

Under the record in this case it was for the jury to determine the issue of release. Its decision should not be disturbed by a belated directed verdict.

Because of the decision we reach it is unnecessary for us to consider whether the instrument attached to Appellant's Motion to Reconsider was properly before the trial court for its consideration.

The judgment of the trial court in granting the Appellee's Motion for a New Trial is reversed. This case is remanded to the trial court with instructions to overrule Appellee's Motion for a New Trial.

Pfaff, C.J., Hoffman and White, JJ., concur.

NOTE.—Reported in 248 N. E. 2d 358.