LEONA PUZICH v. THOMAS PAPPAS, HARRY PAPPAS AND JOHN PAPPAS.

[No. 3-673A67. Filed August 6, 1974.]

*William F. Carroll, Carroll, Barber & Sorbello,* of Crown Point, *Philip M. Cagen, Cagen & Tsoutsouris,* of Valparaiso, for appellant.

*George W. Douglas, James H. Douglas, Douglas, Douglas & Douglas,* of Valparaiso, *Chester, Clifford, Hefner & Moran,* of Valparaiso, for appellees.

STATON, J.—Leona Puzich and her brothers operated a family floral business in Valparaiso, Indiana. Her brothers, Thomas Pappas, Harry Pappas, and John Pappas, brought an action to dissolve the partnership, to obtain an accounting, and to appoint a receiver. Leona Puzich filed a counterclaim requesting similar relief. Leona and her brothers stipulated in the pre-trial conference order that only one issue needed to be decided by the trial court: Did the evidence establish Leona as a partner in the business? The trial court held that there was not sufficient evidence to establish Leona as a partner. Leona appeals and raises these issues:

Issue One:   Does the evidence and all of the reasonable inferences therefrom lead to the sole conclusion—that Leona was a partner?

Issue Two:   Did Leona's 1958 release affect her partnership interest?

Our review of these issues concludes that the evidence leads to the sole conclusion that Leona was a partner, and the 1958 release did not affect any future partnership interest acquired by Leona. We reverse.

## I.

## 1958 RELEASE

Leona had domestic trouble with her first husband, who had threatened to make a claim against her interest in the business. She executed a release for one dollar and other valuable consideration to her brothers. This release covered a period ". . . from the beginning of the world to the date of these presents." There may be some indefiniteness as to the release's beginning but not as to its termination. The release was signed on March 11, 1958. It could only cover the period from 1950 to 1958. The period of time considered by the trial court was entirely different—from 1958 to 1968. The release does not affect any future interests. The evidence clearly negates any application of the release to Leona's future interest in the business. *Landers* v. *McComb Window & Door Co.* (1969), 145 Ind. App. 38, 248 N.E.2d 358. Therefore, the release had no effect upon Leona's partnership interest from March 11, 1958 to September 24, 1968 when the brothers filed their original action.

## II.

## PARTNERSHIP EVIDENCE

In 1950, Leona began working full-time in the family floral business. She kept the books of account, made bank deposits, and paid operating expenses. In addition, she purchased and priced merchandise, did bridal consultant work, and supervised employees.

After her mother died in 1962, her brothers did not permit her to take care of the books of account, but she continued to act as a bridal consultant, handle phone orders and wait on customers in the store. After her second marriage in 1966, she left Valparaiso, Indiana, for about nine months. Later in 1968, when she returned to Valparaiso, Indiana, she was physically ejected from the business premises by her brothers.

All profits from the business were returned to a common business account. From this common business account, Leona

and her brothers received the same amount of salary draw. They all had automobiles which had been purchased with profits from the common business account. Their income taxes were paid with profits from the common business account. The sharing of net business profits was equal.

For eight years, 1958 to 1960 and 1963 to 1968, Leona and her brothers filed a federal income tax return. Leona was listed as an equal partner having a twenty-five per cent (25%) share of the net business profits. The partnership return reported that Leona devoted one hundred per cent (100%) of her time to the partnership business. This constitutes an admission against interest and creates a presumption of partnership. *Clauson* v. *Dept. of Finance* (1941), 337 Ill. 399, 36 N.E.2d 714; *In re Rosenberg's Will* (1923), 208 App. Div. 707, 202 N.Y.S. 324.

Pleading admissions were admitted into evidence. Thomas Pappas included Leona as a partner in his original complaint. In answer to an interrogatory, both John Pappas and Harry Pappas admitted that Leona was a partner as to twenty-five per cent (25%) of the profits. This question and response to an interrogatory was made by John Pappas and Harry Pappas:

"What percentage of the partnership was owned by Leona Puzich at the time the partnership was terminated, and what was the value of the partnership interest?

"A. Leona Puzich owned 25 percent of the profits of the partnership, the value of which is undetermined, and Leona Puzich owned no interest in the assets of the partnership."

## III.
## CONCLUSION

The evidence and the reasonable inferences therefrom must lead solely to a conclusion which is contrary to the trial court's conclusion before we will reverse. *Gariup* v. *Stern* (1970), 254 Ind. 563, 261 N.E.2d 578; *Sekerez* v. *Gary Redevelopment Commission* (1973), 157 Ind. App. 654, 301 N.E.2d 372.

A partnership is defined by IC 1971, 23-4-1-6 (Burns Code Ed.) as follows:

"(1)   A partnership is an association of two or more persons to carry on as co-owners a business for profit.

"(2)   But any association formed under any other statute of this state, or any statute adopted by authority, other than the authority of this state, is not a partnership under this act, unless such association would have been a partnership in this state prior to the adoption of this act; but this act shall apply to limited partnerships except in so far as the statutes relating to such partnerships are inconsistent herewith."

IC 1971, 23-4-1-7 (Burns Code Ed.) provides as follows:

"In determining whether a partnership exists, these rules shall apply:

* * *

"(4)   The receipt by a person of a share of the profits of a business is prima facie evidence that he is a partner in the business, but no such inference shall be drawn if such profits were received in payment:

(a)   As a debt by instalments or otherwise,

(b)   As wages of an employee or rent to a landlord,

(c)   As an annuity to a widow or representative of a deceased partner,

(d)   As interest on a loan, though the amount of payment vary with the profits of the business,

(e)   As the consideration for the sale of a good will of a business or other property by instalments or otherwise."

The evidence is undisputed and without conflict that the operating expenses came out of a common business account. Leona and her brothers shared net profits equally. They purchased their automobiles with net business profits. Eight years of partnership tax returns further support the sole conclusion that a partnership existed. *Watson* v. *Watson* (1952), 231 Ind. 385, 108 N.E.2d 893; *Kamm & Schellinger Co.* v. *Likes* (1931), 93 Ind. App. 598, 179 N.E. 23.

We reverse the trial court's judgment.

Hoffman, C.J. and Garrard, J., concur.

NOTE.—Reported at 314 N.E.2d 795.